F. Frazier Jelke  
    vs.        Div. No. 3189.  
Eugenia Woodward Jelke

July 18, 1933.

BAKER, P. J. Heard on respondent's motion for the allowance of counsel fees.

This is a divorce case which has been heard recently in this Court on original and cross-petitions, resulting in the dismissal of both.

Several months before the trial the respondent filed her motion which is now before the Court and, after hearing, she was allowed the sum of $1,500 on account of counsel fees. The present hearing is to make provision for the balance of said fee. It is substantially agreed by the parties hereto that the respondent has no funds of her own to compensate her counsel and that the petitioner herein is a man of means, able to pay any reasonable counsel fee which the Court may order.

The evidence before the Court presents a somewhat unusual situation. The parties lived together as man and wife for a comparatively short period. They established no permanent or settled abode but travelled extensively in this country and abroad during their married life. This situation necessitated difficult and extensive preparation of the case, particularly when considered with the type of charges presented in the petitions.

The statute under which the respondent is pressing her motion, viz.: Sec. 14, Chap. 291, General Laws 1923, contains the following language:

"The said Court * * * may in its discretion make such allowance to the wife, out of the estate of the husband, for the purpose of enabling her to prosecute or defend against any such petition for divorce or separate maintenance, in case she has no property of her own available for such purpose, as it may think reasonable and proper;"

It is obvious under the provisions of this section that the Court is given considerable discretion. In passing upon the question now before it, the Court is clearly of the opinion that two basic principles are applicable. The first is that it is only for services reasonably connected with the prosecuting or defending of a specific divorce petition that an order for fees can be made. The second is that the standard to be applied in fixing a fee is the reasonable charge for like or similar services in this state, that is to say. the jurisdiction in which the case in question is pending.

The evidence presented herein disclosed that the parties were separated for something over a year before the proceedings before the Court were started. During this time the respondent consulted an attorney in New York, who later called in consultation another attorney in that city. Ultimately a firm of lawyers in this state was employed and an attempt was made by the respondent to institute divorce proceedings of her own, but through failure of service this was not consummated. Later the petitioner started proceedings and the respondent filed her cross-petition.

After the case was in Court and before actual trial, the respondent's counsel appeared frequently on various motions, some of which were strongly contested and involved hearings of some length and difficulty. It is conceded that the petitions were well and thoroughly tried and that counsel made a careful and complete investigation and preparation of all matters connected with the proceedings. The actual trial of the petitions consumed approximately twelve court days. During the preparation of the case it became necessary for the respondent's attorneys to employ counsel in Paris in order to assist in the examination and the taking of the depositions of certain witnesses there. Minor services were also required from attorneys in Chicago and New Orleans, and services of considerable importance had to be performed by a lawyer in Birmingham, Alabama.

The respondent now claims that for all these services rendered by her various counsel in different localities it would be reasonable to allow a fee of $35,000. No attempt is made to allocate any part of this fee to any particular firm or individual. The evidence discloses that this division is to be made by the New York attorney whom the respondent first consulted. The two New York attorneys testified that in their judgment this fee was reasonable for all the services performed.

The evidence presented would tend to show that the attorney in Paris has submitted a bill of $1,500 and that the charge of the attorneys in New Orleans and Chicago is more or less nominal. No attempt was made to fix the amount of the specific fees of the attorneys in New York, Rhode Island or Birmingham. Three attorneys of experience and standing in this state testified on behalf of the respondent and gave it in substance as their opinion that a reasonable fee for the services of the Rhode Island attorneys in connection with this case would be between $12,000 and $15,000. The latter have submitted in evidence a statement showing the work done and the time spent, covering many hours.

The petitioner introduced evidence from an attorney who had had some experience in litigation of this general character, although not exactly similar to this, in which he gave an opinion that $10,000 would be a reasonable fee for all the services performed in this case. Another attorney of experience and standing at the Rhode Island bar testified that in his judgment the services of the Rhode Island attorneys and such services as the New York attorneys may have performed in connection with the trial of the case would be fairly compensated by a fee of $7,500.

The question presented for the Court to determine is one of considerable difficulty. In passing upon the amount of the fees to be allowed, the Court, of course, must consider the nature of the case, the time spent, the result obtained and all the facts and circumstances surrounding the litigation. It is unquestioned that much time was spent by the lawyers involved. The case was serious and of considerable magnitude. Charges were

made against the respondent by the petitioner which vitally affected her moral character. To these charges she made a successful defence with the assistance of her counsel. The case required long and careful preparation. In connection with certain instances in Birmingham, the respondent had very little time to meet very serious charges. The success of the defence to these claims revealed thorough and skillful work on the part of her counsel. On the other hand, the fact that the petitioner is a man of wealth is no justification for the Court to grant other than a reasonable fee under all the circumstances of the case.

The Court, following the method in which the respondent's claims have been presented, will make no attempt to allocate any definite or specific fees among the counsel involved. In order, however, to determine what the amount allowed should be, the Court is bound to give some consideration to the services performed by various counsel.

After considerable thought, it would appear to the Court, from the testimony of the expert witnesses, from the time spent and the results obtained, and from a consideration of the travel of the case and all the facts and circumstances, that probably some fee in the general neighborhood of $9,000 or $10,000 would be reasonable compensation for the services of the Rhode Island attorneys and such services as the New York attorneys may have rendered in connection with the immediate trial. The lawyers in this state, from the nature of things, were compelled to perform the bulk of the work in connection with the trial and preparation of the case.

Further, the Court is of the opinion that the services performed by counsel in Paris, Birmingham, New Orleans and Chicago were reasonably necessary in the preparation of respondent's cross-petition and in defence of charges in her husband's petition. For these services, apparently a fee approximating $2,500 would be reasonable.

A small bill for services of an investigator in Paris was introduced in evidence by the respondent, but the Court feels that this cannot properly be allowed under a claim for attorney's fees.

In the judgment of the Court, the testimony tends to show that many of the services rendered by New York counsel cannot properly be included in this motion. The Court has already indicated that services not reasonably connected with the case before the Court cannot be considered in fixing counsel fees under the statute. For this reason, services by New York counsel in relation to a pre-nuptial agreement, attempts at reconciliation after the separation of the parties, and services performed in connection with the petition started by the respondent but upon which service was never obtained, in the opinion of the Court cannot be compensated herein.

Undoubtedly the work of the attorneys in New York in connection with this specific case, such as the taking of depositions, the looking up of law, preparation of briefs, consultations with other attorneys involved, investigation of witnesses, the arranging of matters in connection with the trial, and the like, must be considered. In this connection, however, it should be noted that no detailed statement of time spent or services performed by the New York lawyers in connection with this litigation was introduced at this hearing.

Giving consideration to the matters hereinbefore referred to, the Court has come to the conclusion that, in addition to the sum of $1,500 already allowed, it will fix further fees for all counsel for services performed on behalf of the respondent in connection with this case at $13,500.

The time and method of payment may be determined upon the entry ᴏ the decree.

For petitioner: William A. Peckham, Charles P. Sisson.

For respondent: Morgan J. O'Brien, Jr., William Hayward, of New York, George Paul Slade, Harry P. Cross of Greenough, Lyman & Cross.